## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE CORNELL, ET AL.,** ) | **CASE NO.1:06CV526** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **CITY OF CLEVELAND, ET AL.,** ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF Dkt # 36). For the following reasons, the Court denies Plaintiffs' Motion.

Plaintiffs seek to enjoin the City of Cleveland from collecting on a water bill and/or action or enforcement of a tax lien stemming from the water bill. Also, they seek to enjoin the City of Cleveland from allowing police vehicles to enter/and or remain in Plaintiff's parking area unless requested and seeks to enjoin further inspections by the City's housing, building and fire departments.

Plaintiffs' Motion states that since reopening their restaurant and dance hall business in August of 2006, police officers have routinely parked in their parking lot and stood by the entrance to their business. A fire inspector inspected the premises in September when in June of 2006, all Plaintiffs' fire code violations were corrected. Fire and building inspectors have been

entering the building at unreasonable times and unreasonable frequencies without there being an emergency situation on the premises.

## Temporary Restraining Order Standard

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. When ruling on a motion for a temporary restraining order or preliminary injunction, a district court must consider the following four factors: (1) the movant has a strong or substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the relief requested; (3) whether granting the relief requested will cause substantial harm to others; and (4) whether the public interest will be served by granting the relief requested. *See Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir.1999); *Schenck v. City of Hudson*, Motion.114 F.3d 590, 593 (6th Cir.1997).

## Analysis

The Plaintiffs' Motion suffers from the following infirmities: 1) Plaintiff's affidavit fails to attest to irreparable harm caused by the police officers presence on the premises; 2) Plaintiff's affidavit does not allege irreparable harm caused by the fire inspection; 3) Plaintiff's affidavit does not allege any attempts to collect on the water bill. In fact, it is silent as to any actions by any agency with regards to the water bill; 4) Plaintiff's affidavit fails to attest to any action by housing or building inspectors that have caused him irreparable harm.

Any injunction against public officials, charged with the enforcement of public safety regulations, would cause substantial harm to others and would not serve the public interest.

Therefore, Plaintiffs have not met their burden and the Court denies Plaintiffs' Motion.

IT IS SO ORDERED.

September 22, 2006          s/Christopher A. Boyko
Date          CHRISTOPHER A. BOYKO
         United States District Judge