**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE CORNELL, ET AL.,** | ) | **CASE NO.1:06CV526** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CITY OF CLEVELAND, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**<u>CHRISTOPHER A. BOYKO, J:</u>**

This matter is before the Court on Defendants' City of Cleveland, Officer Roland Mitchell, Officer Leland Edwards, Sergeant Sammy Morris and Commander Michael McGrath (collectively, "Cleveland") Motion for Summary Judgment. For the following reasons, the Court grants, in part, Defendants' Motion.

On March 8, 2006, Plaintiffs George Cornell and 4170 Lee Rd. Inc. ("Lee Rd.") filed their Complaint in United States District Court, Northern District of Ohio, alleging the following claims against Defendants Cleveland, Cleveland Dept. Of Public Utilities, Cleveland Dept. Of Public Utilities, Division of Water, Northeast Ohio Regional Sewer District, Cleveland Department of Public Safety, Division of Police and James Rokakis Treasurer of Cuyahoga

1

County: Improper Search and Seizure against the City and named police defendants in violation of Plaintiffs' Fourth and Fourteenth Amendment rights; Malicious Prosecution and Violation of Due Process against the City and Police Officers; False Arrest and Improper Search and Seizure in violation of Plaintiffs' Ohio and Federal Constitutional Rights; Negligence, Business Interruption and Violation of Duties as Bailor against the City of Cleveland; Tortious Interference with a Business Relationship/Loss of Revenue/Business Interruption. Plaintiffs seek compensatory and punitive damages, costs, attorneys fees and injunctive relief.

On July 7, 2006 Defendants filed their Amended Answer and Counterclaims, alleging the following claims: payment of a delinquent balance owed for water services provided to Plaintiff Lee Rd.'s property and payment of the delinquent account against Plaintiff George Cornell as alter ego of Plaintiff Lee Rd.

During the course of this litigation Plaintiffs have dismissed the Northeast Ohio Regional Sewer District and James Rokakis. Defendants contend, and this Court agrees, City of Cleveland Department of Safety Division of Police and Cleveland Department of Public Utilities are not *sui juris* entities. Therefore, the Court deems claims against these entities as claims against the real party in interest - i.e. City of Cleveland.

Plaintiffs' Complaint alleges they own real estate located in the City of Cleveland on 14122-14224 Miles Avenue.[1] On May 10, 2002, Defendant Officers Mitchell and Edwards, along with other members of the Cleveland Police Department, executed an administrative health warrant upon the premises located at 4170 Lee Rd. Plaintiff George Cornell was arrested for alleged non-health related and criminal violations observed by the officers in the course of

---

[1] It is unclear from the face of the Complaint which Plaintiff or Plaintiffs own the property in question.

2

executing the health warrant.

Plaintiffs contend the health warrant was merely a pretense to search the premises without probable cause and without a proper criminal warrant. Plaintiff George Cornell was criminally charged and convicted of various criminal charges. Plaintiff Cornell appealed his conviction, which was subsequently overturned by the Court of Appeals. From May 24, 2002 to May of 2004, Plaintiff Cornell alleges he was prohibited from entering the premises of 4170 Lee Rd by injunction obtained by Defendants. Plaintiff contends Defendants had a duty to winterize the premises and, in failing to do so, Plaintiffs incurred expenses in excess of $45,000. Defendants currently refuse to reconnect water service to the premises, preventing Plaintiffs from engaging in business.

Defendants contend there was an ongoing investigation of Plaintiffs' nightclub "Plush 2000". As a result of the investigation, Plaintiff Cornell and several patrons were arrested for numerous misdemeanor and felony offenses. In addition to the criminal charges, Defendants also brought a vice-nuisance action against George Cornell and Lee Rd., seeking injunctive relief and a determination that the premises owned by the Plaintiffs be declared a nuisance pursuant to Ohio statutory law. Plaintiffs counterclaimed in the vice-nuisance action, alleging violations of their First, Fourth, Fifth and Fourteenth Amendment rights and alleged a state claim for tortious interference with a business relationship. Defendants moved for summary judgment and Plaintiffs failed to file a timely response. The Court of Common Pleas granted Defendants' Supplemental Motion for Summary Judgment on Defendants' claims that the club owned and operated by Plaintiffs constituted a nuisance under Ohio law, as seven bags of cocaine, one container of PCP and thirty-nine bags of marijuana were found on the premises. The Court also

granted Defendants' Supplemental Motion for Summary Judgment on Plaintiffs' constitutional counterclaims. The Court of Common Pleas determined Defendants' actions did not violate Plaintiffs' constitutional rights, specifically concluding the officers had probable cause to search and arrest Plaintiffs and were entitled to qualified immunity. The Court also found that the denial of Plaintiffs' Motion to Suppress in their criminal trial also warranted a finding that the officers were entitled to qualified immunity. Cleveland appealed the Common Pleas Court's determination that Plaintiffs' premises had been effectively closed since May 13, 2002 and the one year period for permanent injunction had lapsed. On appeal, the Eighth District Court of Appeals held the one year closing of Plaintiffs establishment began to run from the date the permanent injunction was ordered. The Court of Common Pleas issued its ruling on April 28, 2004 and Plaintiffs never appealed the ruling in the vice nuisance action.

On May 5, 2005, the Eighth District Court of Appeals determined Plaintiffs' Motion to Suppress in the criminal proceedings should have been granted. The case was remanded back to Cleveland Municipal Court. Shortly thereafter, the city prosecutor dismissed the criminal charges against Plaintiff.

## STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its

> motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, this Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hospital Ass'n.,* 78 F.3d 1079, 1087 (6th Circ. 1996). "Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986).

## **LAW and ANALYSIS**

**Plaintiffs' Claims Under 42 U.S.C. §1983**

Defendants contend Plaintiffs' Constitutional claims are barred by *res judicata* since the Court of Common Pleas already addressed these issues in the vice-nuisance action and Plaintiffs never appealed. Plaintiffs contend the vice-nuisance ruling was issued prior to the decision by the Eighth District Court of Appeals decision overturning Plaintiff George Cornell's criminal conviction. Therefore, Plaintiffs argue, the vice nuisance ruling was modified by the appellate court decision and cannot have preclusive effect under Ohio law. Plaintiffs cite to the Ohio case of *Norwood v. McDonald*, (1943) 142 Ohio St. 299, 305, for the proposition that *res judicata* does not apply when a judgment has been modified. However, none of the cases cited by Plaintiffs contain similar operative facts to the case at bar, nor do they stand for the proposition that a ruling on appeal of a criminal action modifies the uncontested final judgment in a separate civil case before a separate court, albeit on the same operative facts. Also, Plaintiff's Brief in Opposition failed to indicate that *Norwood* was subsequently overturned, in part, by the Ohio Supreme Court in *Grava v. Parkman Township*, (1995) 73 Ohio St.3d 379, 382.

The United State Supreme Court has expressly held, "nor are the *res judicata* consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Department Stores, Inc. v. Moitie, et al.,* 452 U.S. 394, 398 (1981).

> "A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by direct review and not by bringing another action upon the same cause [of action]. We have observed that ' the indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert.'" *Id* at 398-399, quoting *Reed v. Allen*,

286 U.S. 191, 201 (1932).[2]

The Supreme Court in *Federated* went on to say, "the doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time; it is a rule of fundamental and substantial justice, of public policy and private peace, which should be cordially regarded and enforced by courts." *Id.* at 401. "There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*.'" *Id.* at 401, quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946).

The Supreme Court's holding in *Federated* is in accord with Ohio law which holds, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava* at 382. "Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *Id.* "Issue preclusion precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *Metrohealth Med. Ctr. v. Hoffman-Laroche, Inc.,* (1997) 80 Ohio St.3d 212, 217. In Ohio, a final judgment on the merits, even if erroneous, bars subsequent litigation on the same cause of action or issue. See *LaBarbera v. Batsch,* (1967) 10 Ohio St.2d 106, 110. Federal courts must look to the law of the state in which the state court judgment was rendered to determine its preclusive effect on claims asserted in federal courts. See *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 80-85 (1984).

In Ohio, claim preclusion has four elements: " (1) a prior final, valid decision on the

---

[2] Ohio Courts have adopted the United States Supreme Court language in *Federated*. See *Cleveland v. Ohio Dept. of Mental Health*, 84 Ohio App.3d 769, 775 (Ohio App. 10 Dist.,1992).

merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *In re Fordu,* 201 F.3d 693, 703-04 (6th Cir. 1999).

Plaintiff's counterclaim in the vice nuisance action included §1983 claims for violations of Plaintiffs First, Fourth, Fifth and Fourteenth Amendment rights. The Common Pleas Court ruled on these issues on summary judgment, which constitutes a ruling on the merits by a court of competent jurisdiction. Although Plaintiffs contend their §1983 claims were not ripe until the appellate decision of May 2005, Plaintiffs chose to assert them in their counterclaim to the vice nuisance action and the Court of Common Pleas decided them. This Court cannot ignore the decision by the Common Pleas Court, regardless of whether the claims were ripe at the time. Plaintiffs never appealed the Court of Common Pleas decision. This action involves the same parties -i.e. the City of Cleveland and its privies (police officers) versus George Cornell and Lee Rd. who litigated the vice nuisance action. Therefore, the Court finds Plaintiffs are precluded from asserting §1983 claims in Counts One and Three of Plaintiffs' Complaint for False Arrest and Improper Search and Seizure, as those claims were already fully litigated in the Court of Common Pleas. This preclusion also includes any claims that might have been asserted.

### **Plaintiffs' Malicious Prosecution Claim**

Plaintiff George Cornell's claim for Malicious Prosecution and Violation of Due Process, at Count Two of the Complaint, fails as well. This Court finds Plaintiff has not alleged a federal violation under Count Two. "To state a cause of action under §1983, a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person

who was acting under color of state law." *Spadafore v. Gardner,* 330 F.3d 849, 852 (6th Cir. 2003) citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-157 (1978). Plaintiffs never mention 42 U.S.C. §1983 in their Complaint. Nowhere in Count Two does Plaintiff Cornell contend his claim derives from the deprivation of a federal constitutional right, nor does the Complaint state, in Count Two, with any requisite specificity, the purported United States Constitutional Amendment under which his rights have been violated. Since Plaintiffs' Complaint alleges both federal and state claims, it is unclear under which law Plaintiff Cornell brings this claim. Plaintiffs' claims under Counts One and Three of their Complaint specifically invoke their constitutional rights under both Ohio's and the United States' Constitutions. Count Two is silent as to what constitutional right is being invoked or, in fact, what constitution, whether state or federal, is implicated.

The Sixth Circuit, in *Spadafore*, determined courts could consider the Plaintiff's Brief in Opposition to Summary Judgment for clarifying claims alleged in its Complaint. However, Plaintiffs' Brief offers little help in determining their intent. On page 12 of their Brief in Opposition, Plaintiffs contend the Sixth Circuit has recognized a claim for malicious prosecution under §1983 and cites to a Sixth Circuit decision that has subsequently been reversed.[3] Plaintiffs never state what constitutional amendment was violated. However, on pages 17-18 of their Brief, Plaintiffs then list the elements of a malicious prosecution claim under Ohio law and cite Ohio case law in support. "Malicious prosecution claims can be brought under either federal or state law." *Voyticky v. Village of Timberlake Ohio,* 412 F.3d 669, 675-76 (6th Circ. 2005), citing

---

[3] *Coogan v. City of Wixom,* 820 F.2d 170 (1987), was overturned by *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001), itself subsequently overturned. Several cases offered by Plaintiffs have been subsequently overturned in part or, *in toto,* without proper citation to the Court. The Court admonishes counsel to be more circumspect when presenting cases as authoritative support.

*Thacker v. City of Columbus,* 328 F.3d 244, 258-59 (6th Cir.2003).  Therefore, this Court finds Plaintiff Cornell alleges a malicious prosecution claim in violation of Ohio law and not a United States constitutional right in Count Two of Plaintiffs' Complaint.

However, in Count Three of Plaintiffs' inartfully worded Complaint, under the caption "Count Three: False Arrest/Improper Search and Seizure," Plaintiffs state their "right to be free of improper searches, false and malicious prosecution and privacy, as guaranteed by the Ohio and United States Constitutions were violated."  Therefore, the Court will construe this as a malicious prosecution claim under §1983.

Plaintiffs must show there was no probable cause to arrest and prosecute. "Although this Court has yet to resolve the elements of a federal malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, 'that there was no probable cause to justify [his] arrest **and** prosecution.'" *Thacker at 259 quoting  Darrah v. City of Oak Park,* 255 F.3d 301, 308-11 (6th Cir.2001).[4] (emphasis added).  However, as the Court of Common Pleas in the vice nuisance opinion expressly found there was probable cause to arrest and search the premises, Plaintiffs cannot maintain their cause of action under §1983 for malicious prosecution where a Court of competent jurisdiction has already determined probable cause to arrest exists.   As discussed below, Plaintiffs cannot use a §1983 action to relitigate the issue of probable cause.

### Probable Cause and Issue Preclusion

---

[4] The Court notes the subsequent Sixth Circuit opinion in *Voyticky,* when citing to the *Thacker* opinion states, "In order to prove malicious prosecution under federal law, a plaintiff must show, at a minimum, that there is no probable cause to justify an arrest **or** a prosecution." *Voyticky* at 675-76.  The Court does not find the two opinions inapposite. *Voyticky* does not expressly modify the Sixth Circuit opinions in *Thacker* or *Darrah*.  Rather, this Court believes the substitution of "or" for "and" reflects a matter of focus.  Also, this Court is hard pressed to conceive of a situation where the arrest or search is supported by probable cause that a subsequent prosecution based on the arrest and/or search would not also be proper.

10

In Ohio, parties are prohibited from relitigating facts or issues when they were: 1) actually and directly litigated in the prior action, 2) determined by a court of competent jurisdiction, and, 3) the party against whom issue preclusion is sought was a party or in privity with the party to the prior action. *Grava* at 382.

The Court of Common Pleas in the vice nuisance action found, after reviewing the evidence before it, the officers who searched Plaintiffs' premises and arrested Plaintiff had probable cause to do so, and were entitled to qualified immunity. When "there is probable cause to prosecute, a §1983 action for malicious prosecution will not lie." *McKinley v. City of Mansfield,* 404 F.3d 418, 444-45 (6th Cir. 2005). Having actually litigated the issue of probable cause in the search and arrest, and a court of competent jurisdiction-i.e. court of common pleas, determined probable cause existed, and the parties in the vice nuisance action are the identical parties in this action, the Court finds Plaintiff Cornell is prohibited from litigating his malicious prosecution claim under §1983. Since Plaintiff is precluded from contesting probable cause for his arrest, he cannot maintain a §1983 claim for malicious prosecution pursuant to *Thacker*.

This case demonstrates the dire consequences which result from a failure to appeal a final determination of claims in a court of competent jurisdiction. As recognized by the United States Supreme Court, *res judicata* is a necessary legal device to prevent repetitive litigation of claims and issues already determined and this federal court cannot be used as a means to collaterally attack a valid and final state court judgment.

**Remaining Federal Issues in Plaintiffs' Complaint**

Plaintiffs' Complaint at Count Two alleges an undefined violation of Due Process without stating which constitution applies, federal or state, which amendment right was violated,

11

or what due process was denied.  Therefore, the Court finds Plaintiffs do not state a claim under §1983 for violation of due process under federal law.  Also, Plaintiff in his Brief in Opposition to Defendants' Motion for Summary Judgment never discusses his Due Process claim and therefore, the Court deems it abandoned.

Finally, Plaintiffs appear to argue in their Brief in Opposition to Defendants' Motion for Summary Judgment that the City of Cleveland violated Plaintiffs' constitutional right pursuant to *Monell v. Department of Soc. Servs. Of City of New York,* 436 U.S. 658 (1978), as the result of a custom, policy or practice.  However, no such allegation of a custom, policy or practice is alleged in the Complaint and the Court finds no *Monell* claim was asserted.

Therefore, the Court grants Defendants' Motion for Summary Judgment on Plaintiffs' federal claims.  The Court also declines to exercise its supplemental jurisdiction over the Plaintiffs' and Defendants' remaining pendent state law claims and such claims are dismissed without prejudice.

    IT IS SO ORDERED.

| | |
|---|---|
| May 4, 2007 | s/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |